U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

DEC 0 5 2008

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

RECEIVABLES PURCHASING COMPANY, INC.                    PLAINTIFF

v.                          CASE NO. 08- 2134

ENGINEERING AND PROFESSIONAL SERVICES, INC.             DEFENDANT

### COMPLAINT

**COMES NOW,** the Plaintiff, RECEIVABLES PURCHASING CO., INC., and

for its Complaint against the Defendant herein, states and alleges as follows:

1. That this Court has jurisdiction and venue is proper. This Court has

jurisdiction over the state law claims herein pursuant to 28 U.S.C. § 1367. This matter

was previously dismissed without prejudice and the Honorable Judge Robert Dawson

directed that any further pleading related to the subject matter of this action shall be filed

herein.

2. That the Plaintiff, RECEIVABLES PURCHASING CO., INC., is, and at all

times mentioned herein, was a domestic Arkansas corporation with its principal place of

business being located in the Fort Smith District, Sebastian County, Arkansas.

3. That the Defendant, ENGINEERING AND PROFESSIONAL SERVICES,

INC., hereinafter referred to as "EPS" is, and at all times mentioned herein, was a foreign

corporation, incorporated under the laws of Delaware and doing business in New Jersey.

1

A substantial part of the events or omissions giving rise to the claim have occurred in this district.  Venue is thus proper under 28 U.S.C. § 1391(b)(1), (2), and (3).

## FACTS COMMON TO ALL CAUSES OF ACTION

4. On or about November 13, 2002, RJS UTILITY CONSTRUCTION, INC., hereinafter referred to as "RJS", sold and assigned to the Plaintiff, in Fort Smith, Arkansas, all of its right, title, and interest in and to certain invoices and accounts that EPS owed to RJS, for services rendered.  A copy of the <u>Assignment of Accounts Receivables to Receivables Purchasing Company, Inc.</u> is attached hereto, marked "Exhibit A", and expressly incorporated herein.  A Security Agreement was also executed and is attached hereto as Exhibit B and incorporated herein.

5. On or about July 13, 2003, RJS sold and assigned to the Plaintiff, in Fort Smith, Arkansas, all of its right, title, and interest in and to certain payments that EPS owed to RJS by delivering to the Plaintiff, in Fort Smith, Arkansas a <u>Purchase and Sale Agreement.</u>  A copy of the said <u>Purchase and Sale Agreement</u> is attached hereto, marked "Exhibit C", and expressly incorporated herein.

6. Before the Plaintiff paid RJS for invoices owed by the Defendant, EPS, the Plaintiff directly contacted the Defendant, EPS, to request verification of the accuracy, validity, and true amount owed by the Defendant, EPS, to RJS, on each invoice.  And in each instance, the Defendant, EPS, verified that each invoice from RJS, was accurate, valid, and those amounts were actually owed by the Defendant, EPS, to RJS.

7. The Plaintiff, notified the Defendant, EPS, of the purchase, assignment, and sale in Fort Smith, Arkansas, of various invoices and accounts receivable that EPS owed to RJS, to the Plaintiff; and Plaintiff, demanded that the Defendant, EPS, pay all such

invoices in the future in full directly to the Plaintiff, in Fort Smith, Arkansas, or in Fort Worth, Texas as directed by the Plaintiff.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT & PROMISSORY ESTOPPEL

8. The Plaintiff re-alleges and adopts by reference all the allegations contained in Paragraphs 1 through 7 above.

9. Defendant, EPS, has failed and refused to pay to the Plaintiff the amounts owed to RJS, for invoices that had been sold and assigned to the Plaintiff.

10. The Defendant, EPS, has failed and refused to pay the sum of $300,859.50 owed to the Plaintiff for invoices the Defendant, EPS, owed to RJS, that had been purchased by Plaintiff.

11. The Defendant made statements to the Plaintiff which the Plaintiff justifiably relied upon in purchasing the accounts that are the subject of this action. These statements reasonably caused the Plaintiff to believe that the work had been performed in a manner satisfactory to the Defendant, and that the Defendant considered itself bound to pay on the accounts. The Defendant knew that the Plaintiff would rely upon such statements. The Plaintiff did in fact rely upon such statements. As such, the Defendant is barred from raising any defense, such as set-off, which runs contrary to the statements relied upon by Plaintiff.

12. By reason of the Defendant's continuing failure and refusal to pay what is owed to the Plaintiff, the Plaintiff has been damaged in the following amounts:

a) the sum of $300,859.50 loss of principal owed;

3

b) pre-judgment and post-judgment interest on the said sum of money; and,

c) all its attorney's fees and costs incurred in this litigation, and the events leading up to this litigation

## UNIFORM COMMERCIAL CODE

13. The Plaintiff re-alleges and adopts by reference all the allegations contained in Paragraphs 1 through 12 above.

14. The transaction referred to herein is for an assigned account or other commercial paper subject to the Uniform Commercial Code and also more specifically to Ark. Stat. Ann. § 4-9-406.

15. The Defendant to this action was given proper notice that the Plaintiff had been assigned the right to collect the debt and in fact, the Defendant confirmed to the Plaintiff that the debt was good and payable prior to the Plaintiff purchasing the accounts.

16. The Defendant failed to make payment to the Plaintiff. For failure to make payment to the Plaintiff and also for continuing to make payments to the assignor, the Defendant is in violation of the Uniform Commercial Code and owes the amount of $300,859.50 to the Plaintiff.

## SECOND CAUSE OF ACTION

## FRAUD

17. The Plaintiff re-alleges and adopts by reference all the allegations contained in Paragraphs 1 through 16 above.

18. The Defendant, EPS, by and through its officers, agents, and employees, represented to the Plaintiff, RECEIVABLES, in Fort Smith, Arkansas, that the invoices

4

from RJS were accurate, valid, and those amounts were actually owed by the Defendant, EPS, to RJS.

19. The Defendant, EPS, by and through its officers, agents, and employees, represented to the Plaintiff, RECEIVABLES, in Fort Smith, Arkansas that the invoices from RJS, were accurate, valid, and those amounts would actually be paid in a timely manner by the Defendant, EPS, to the Plaintiff, RECEIVABLES, in Fort Smith, Arkansas.

20. That the Defendant, EPS, either knew or believed that such representations were false, or in the alternative, the Defendant knew or believed that it did not have sufficient basis of information to make such representations.

21. That the Defendant, EPS, intended to induce the Plaintiff, RECEIVABLES, in Fort Smith, Arkansas to act to purchase and pay for the said invoices from RJS, in reliance upon the said misrepresentations.

22. That the Plaintiff, RECEIVABLES, justifiably relied in Fort Smith, Arkansas upon the misrepresentations of the Defendant, EPS, in purchasing the said invoices from RJS, and as a result sustained damages.

23. As a direct and proximate result of Defendant's conduct described above, the Plaintiff, RECEIVABLES, has been damaged in the following amounts:

   a) the sum of $300,859.50 in loss of principal owed; and

   b) pre-judgment and post-judgment interest on the said sum of money.

24. The Defendant, EPS, knew or ought to have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in damage and that it continued such conduct with malice or in reckless disregard of the

consequences from which malice may be inferred, therefore the Plaintiff should be awarded punitive damages in the sum of $300,000.00.

## THIRD CAUSE OF ACTION

## DECEPTIVE TRADE PRACTICES ACT

25.    The Plaintiff re-alleges and adopts by reference all the allegations contained in Paragraphs 1 through 24 above.

26.    The Actions of the Defendant set out herein operate to violate the Arkansas Deceptive Trade Practices Act Ark. State Ann. § 4-88-107.  Such act, while primarily drafted to protect consumers was also drafted to protect the "legitimate business community" of Arkansas, from dishonest business practices by domestic and foreign corporations.  The Act allows for the action to be brought in any County where the Plaintiff resides or conducts business.

27.    The acts complained of herein occurred in Fort Smith, Arkansas, and the Plaintiff was conducting business in Fort Smith, Arkansas, at the time these events occurred.

28.    The actions described herein and above have been held by the Eight Circuit Court of Appeals to be arguably fraudulent.  The Deceptive Trade Practices act only requires that a Defendant acted in a "false" or "dishonest" manner.  False and dishonest create a lower burden of proof than fraud.  The Defendant's conduct describe herein was false and dishonest and violated the Deceptive Trade Practices Act.

29.    The Defendant's violation of the Deceptive Trade Practices Act has damaged the Plaintiff in an amount exceeding $300,859.50.

30.    The Defendant should also be subjected to a civil penalty for the acts

complained of herein pursuant to Ark. Stat. Ann. §4-88-203.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiff, RECEIVABLES, respectfully prays for judgment against the Defendant, EPS, for actual, compensatory damages in the sum of $300,859.50 for the loss of principal owed to the Plaintiff; for pre-judgment and post-judgment interest on the said sum of money; for all its attorney's fees and costs incurred in this litigation, and the events leading up to this litigation; for punitive damages in the sum of $300,000; an amount exceeding $300,859.50 for violation of the Deceptive Trade Practices Act, for civil penalty; and for such other and further relief as Plaintiff may request.

Respectfully submitted,

RECEIVABLES PURCHASING
COMPANY, INC.

BY: _Bill Walters_

Bill Walters
Walters & Gaston
Attorneys at Law
1405 W Center, 3rd Floor
Greenwood, AR  72936
(479)996-2100

7