**IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS**
**FORT SMITH DISTRICT**
**CIVIL DIVISION**

**RECEIVABLES PURCHASING CO., INC.**                                         **PLAINTIFF**

**v.**                                         **CASE NO. 08-2134**

**ENGINEERING AND PROFESSIONAL**
**SERVICES, INC.**                                         **DEFENDANT**

**BRIEF IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE,**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER**

I.  BACKGROUND

Plaintiff's (RPC') suit is a refiling of a case (No. 05-2083) which it dismissed on the eve of trial, set for September 8, 2008.  In its Order of September 4, 2008, in case no. 05-2083, which granted RPC's Motion for Non-Suit without Prejudice, this Court required that any refiling of the case be made in this Court and assigned to Judge Dawson.  The Order provided that the Court would rule on any motions, including challenges to venue, after refiling.  The Court also stated that if RPC should refile its Complaint, it would consider requiring RPC to compensate EPS for any duplicative costs and attorney's fees.

In the previous suit, RPC initially alleged breach of contract claims, but dropped them in response to an EPS Motion asserting that such claims were required to be filed in the state of New Jersey.  RPC also waived its right to a jury trial.  These circumstances were part of the status quo when the previous case was allowed to be dismissed just before the scheduled bench trial.

Upon refiling, RPC has now made various new claims.  These include claims for alleged

breach of contract and promissory estoppel, alleged violation of Uniform Commercial Code ("UCC") provisions dealing with assigned accounts (first cause of action), and alleged violations of the Arkansas Deceptive Trade Practices Act (third cause of action). These claims are in addition to RPC's primary claim for fraud, left over from the previous suit. Upon refiling, RPC also now seeks a jury trial on all claims.

In its complaint RPC alleges that a company known as R.J.S. Utility Construction, Inc. ("RJS") assigned to RPC certain accounts receivable allegedly owed by EPS to RJS  The complaint also alleges that the accounts receivable were for certain services rendered by RJS to EPS in the state of Maryland.   RPC further alleges that EPS has wrongfully failed to pay the accounts receivable to RPC, or has wrongfully paid the accounts receivable to RJS, or both.

The accounts receivable were generated pursuant to a subcontract between RJS and EPS ("the contract"). The contract specifically states that:

> 9.8 Choice of Law and Forum; Attorneys' fees: This agreement shall be governed by the laws of the State of New Jersey, without regard to its conflict of laws rules. <u>Any litigation arising out of or relating to this Agreement shall, unless otherwise agreed in writing by the parties, be brought in a court of competent jurisdiction only in New Jersey.</u> In the event of any litigation concerning this Agreement, the prevailing party in such litigation shall be entitled to payment from the other party of all costs incurred by such prevailing party in connection with such litigation, including reasonable attorneys' fees incurred. (Emphasis added.)

RPC also claims that EPS was guilty of fraud. The fraud claim is primarily based on the following allegations: (1) that before RPC purchased the accounts receivable, RPC contacted EPS, and that EPS verified the accuracy and validity of the accounts receivable, and that they were actually owed by EPS to the third-party, RJS; (2) that RPC directly contacted and notified EPS of the assignment of the accounts receivable, and demanded that EPS pay the accounts receivable to

2

RPC; and (3) that without notice to RPC, EPS failed or refused to pay some of the accounts receivable to RPC, or illegally paid some of the accounts receivable to RJS, or both.

## II.  STRIKING OF NEW CLAIMS AND REQUEST FOR JURY TRIAL

The Court should strike RPC's newly added claims and its request for a jury trial of all claims, pursuant to FRCP Rule 12(f).  Allowing RPC to add new claims will unfairly prejudice the rights of EPS, and will allow RPC to circumvent the status quo as it existed upon dismissal of the previous suit on September 4, 2008.  EPS has already incurred significant attorney's fees and costs having to defend the protracted litigation in the previous suit, and having to prepare for trial, only for RPC to seek a last minute non-suit in an effort to avoid a likely adverse outcome.  Allowing RPC to now obtain a jury trial on all claims, after previously waiving such rights, would also permit RPC to gain a benefit to which it would not have been entitled had RPC been required to proceed with trial.  The filing of the new contract based claims also represents a resurrection of claims which RPC brought in the first action, but dropped in an effort to avoid transfer on venue grounds.

FRCP Rule 41(a)(2) required dismissal of the previous suit to be made by court order, and upon terms that the Court, in its discretion, considered proper.  The Court's Order of dismissal in the previous case (entered September 4, 2008 as docket no. 127) reflects an intent that any refiling of the suit should maintain the status quo which existed for RPC upon dismissal of the previous suit. Permitting RPC to now refile the suit, add new claims, and obtain a jury trial that it previously waived, will nullify the status quo of the previously dismissed litigation, will unfairly prejudice the rights of EPS, and will cause EPS to incur unnecessary (and in some instances duplicative) costs, expenses, and attorney's fees.

## III.  PERSONAL JURISDICTION

The plaintiff's complaint fails to allege that the Court has personal jurisdiction over the defendant or recite any basis for personal jurisdiction over the defendant. On these grounds alone, the complaint should be dismissed. *Davis v. St. John's Health System, Inc.*, 348 Ark. 17, 22, 71 S.W.3d 55, 57 (2002) ("If the complaint does not allege sufficient facts on which personal jurisdiction can rest, then the complaint is factually deficient. [cite omitted] Mere conclusury statements devoid of a factual foundation do not suffice in this inquiry").

The only allegations in the complaint that could conceivably be the basis for the exercise of personal jurisdiction are that the plaintiff contacted the defendant on one or more occasions to verify the accuracy of the accounts receivable and to notify the defendant of the assignment of the accounts. Assuming for the purposes of argument that the plaintiff did contact the defendant, these contacts are not a sufficient basis for this Court to exercise personal jurisdiction over the defendant.

The federal and state Courts in Arkansas have consistently held that mere communication with the forum state is not sufficient minimum contacts to satisfy the Due Process Clause of the 14th Amendment. *T.J. Raney & Sons, Inc. vs. Security Savings and Loan Association of Salina, Kansas,* 749 F.2d 523, 525, (C.A.Ark. 8, 1984) ("The district court concluded that the use of interstate mail, telephone or banking facilities, standing alone, was insufficient to satisfy the requirements of due process"); *John Norrell Arms, Inc. vs. Higgins,* 332 Ark. 24, 30, 962 S.W.2d 801 (1998) ("And, finally, we agree with the reasoning of the court of appeals which held that 'the use of arteries of interstate mail and banking facilities, standing alone, is insufficient to satisfy due process in asserting long-arm jurisdiction over a nonresident' [cite omitted]"); *Glenn vs. Student Loan Guar. Found.,* 53 Ark.App. 132, 920 S.W.2d 500 (1996) (Court lacked personal jurisdiction where only contacts were payments to the plaintiff in the State of Arkansas under a contract signed by the

defendant outside the State).

This Court lacks personal jurisdiction over the defendant and, pursuant to F.R.C.P. Rule 12(b)(2), the case should be dismissed.

## IV.  Venue

The contract contains a forum selection clause that requires any litigation under the contract to take place in the State of New Jersey.  The federal courts have uniformly upheld forum selection clauses as long as enforcement of the clause is fair and reasonable.  *Carnival Cruise Lines, Inc. v. Shutte*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed.2d 622 (1991);  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S.1, 92 S. Ct. 1907, 32 L. Ed.2d 513 (1972).

The Eighth Circuit has noted that there is some disagreement among the circuits over whether state or federal law applies in determining the enforceability of forum selection clauses, and it appears that it has not yet adopted a definitive position on the issue.  *Servewell Plumbing, LLC v. Federal Insurance Company*, 439 F.3d 786 (8th Cir. 2006).  Case law suggests, however, that the highest courts of both New Jersey and Arkansas have followed the federal standard announced by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co., supra.*  Generally, forum selection clauses are prima facie valid and enforceable in New Jersey, and New Jersey Courts will decline to enforce a clause only if it fits into one of three exceptions to the general rule: (1) the clause is a result of fraud or overweening bargaining power; (2) enforcement would violate the strong public policy of New Jersey; or (3) enforcement would seriously inconvenience trial. The burden falls on the party objecting to enforcement to show that the clause in question fits within one of these three exceptions. *Paradise Enterprises v. Sapir*, 356 N.J. Super. 96, 811 A.2d 516 (N.J. 2002).  Likewise, the state courts of Arkansas have recognized the validity of forum selection clauses.  *Nelms v.*

*Morgan Portable Building Corp.*, 305 Ark. 284, 808 S.W.2d 314 (1991); *Baan, U.S.A. v. U.S.A. Truck, Inc.*, 82 Ark. App. 202, 105 S.W.3d 784 (2003); *RMP Rentals v. Metroplex, Inc.*, 356 Ark. 76, 146 S.W.3d 861 (2004); *Parsons Dispatch, Inc. v. John J. Jerue Truck Broker, Inc.*, 89 Ark. App. 25, 199 S.W.3d. 686, 2004 WL 2809863 (2004).

Under New Jersey law, an assignee of a chose in action, such as an account receivable, stands in the shoes of the assignor as to all terms of the contract.  An assignee of a chose in action takes what the assignor had, subject to all set-offs, discounts, and defenses which the debtor has, not only against the assignee but also against the assignor before notice of the assignment, but the assignee does not thereby, without more, assume the liabilities of the assignor.  <u>The rights of the assignee of an account receivable are subject to the contract defenses or claims of the account debtor arising by virtue of the terms of the contract out of which the receivable was created.</u>  [Emphasis added.]  *Talcott v. Corenzwit & Co.*, 76 N.J. 305, 387 A.2d 350 (N.J. 1978); *H. John Homan Co., Inc. v. Wilkes-Barre Iron & Wire Works, Inc.*, 233 N.J. Super. 91, 558 A.2d 42 (N.J. App. Div. 1989).  As stated by the New Jersey Superior Court, Appellate Division, in *Homan*:

> Since the essence of the assignment is an assignment of rights under a contract, without delegation of the performance obligation, <u>the account debtor may defend against his own obligation to pay based on any defensive posture available to him were the assignor seeking payment</u>.  Thus, he is able to defeat the assignee's claim to all or part of the payment rights transferred to him by the assignor.  In effect then, the actual value of the assigned right to payment by the assignor's debtor may be diminished, if not completely vitiated, by the defenses and set-offs available to the debtor... [Emphasis added.] *Homan* at page ***8.

These principles are also codified in New Jersey UCC § 12A:9-404 (formerly §9-318(1)).

"Rights acquired by assignee; claims and defenses against assignee."  This statute provides, in part:

> (a) "Assignee's rights subject to terms, claims and defenses; exceptions."  Unless an account debtor has made an enforceable agreement not to assert the claims or defenses, and subject to subsections (b) through (c), <u>the rights of an assignee are</u>

6

subject to: (1) all terms of the agreement between the account debtor and assignor, and any defense or claim in recoupment arising from the transaction that gave rise to the contract; and (2) any other defense or claim of the account debtor against the assignor which accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee.  [Emphasis added.]

There do not appear to be any Arkansas cases on the narrow issue of whether an assignee of accounts receivable is subject to a forum selection provision in the assignor's agreement. However, under Arkansas law an assignee of contract rights is normally bound by the terms of the assignor's agreement.  In the recent case of *American Transp. Corp. v. Exchange Capital Corp.*, 84 Ark.App. 28, 129 S.W.3d 312 (2003) the Arkansas Court of Appeals stated in dictum that:

An assignee ordinarily obtains only the rights possessed by the assignor at the time of the assignment, and no more.  First National Bank of Fayetteville v. Massachusetts Gen. Life Ins. Co., 296 Ark. 28, 752 S.W.2d 1 (1988); Office of Child Support Enfcm't v. Watkins, 83 Ark.App. 174, 119 S.W.3d 74 (2003).  As stated by the *Restatement (Second) of Contract*, § 336, Comment b (1981), an assignor can assign "only what he has," and the assignee's right "is subject to limitations imposed by the terms of that contract [creating the right] and to defenses which would have been available against the obligee had there been no assignment."  These common-law principles were codified in the Uniform Commercial Code as section 4-9-318.  As such, Exchange stands in Thunder's position and is subject to any defenses AmTran could raise if Thunder had brought suit.

A simple application of the Arkansas and New Jersey common law and Uniform Commercial Code dictates that RPC, the plaintiff, is bound by the forum selection provisions of the contract.

Moreover, numerous other courts have specifically addressed this issue and have found that the assignee of accounts receivable is bound by a forum selection clause.  In *GMAC Commercial Credit, LLC v. Dillard Department Stores, Inc.*, 198 F.R.D. 402 (S.D.N.Y., 2001) the plaintiff, an assignee of certain accounts receivable of a vendor of Dillards, brought suit against Dillards in New York to collect the accounts.  Dillard's purchase orders contained a forum selection clause requiring

7

that any claim be resolved by a lawsuit brought in Pulaski County, Arkansas.  The Court held that:

> Under New York law, an assignee cannot sue to enforce its rights under the contract without also assuming the other terms of the contract, including a forum selection clause.  New York has adopted the Uniform Commercial Code ("U.C.C.).  *See* N.Y. U.C.C. Law §§ 1-101 et seq.  (McKinney 2000).  U.C.C. § 9-318(1)(a), the section pertaining to the rights of assignees of accounts receivable, codified pre-existing New York law by providing that the rights of an assignee were "subject to 'all the terms of the contract between the account debtor ... and assignor.' " *Septembertide Publishing, B.V. v. Stein and Day, Inc.*, 884 F.2d 682 (2d Cir.1989).  It "has always been the law in New York that an assignee stands in the shoes of its assignor and takes subject to those liabilities of its assignor that were in existence prior to the assignment." *Septembertide*, 884 F.2d at 682.  <u>If the law embodied by U.C.C. § 9-318(1)(a) did not apply to forum selection clauses, then the clauses would serve little purpose, because "a party could escape the effect of a forum selection clause by assigning or subrogating its rights."</u>  *Farrell Lines Inc. v. Columbus Cello-Poly Corp.*, 32 F.Supp.2d 118, 126 (S.D.N.Y., 1997). (emphasis added)

Another case, in which a forum selection clause was upheld and the case transferred to the State of Arkansas, is *Highlander Golf, Inc. v. Wal-Mart Stores, Inc.*, 115 F.Supp.2d 1157 (D.S.D., 2002)  In that case the plaintiff purchased the accounts receivable from a vendor of Wal-Mart.  The vendor agreement with Wal-Mart specified that all suits arising under the agreement would take place in the courts of Benton or Washington Counties in Arkansas.  The Court found that the forum selection clause was reasonable under South Dakota law; that the plaintiff was bound by the clause; and that,  pursuant to 28 U.S.C. 1406, the case should be transferred to the proper U.S. District Court in Arkansas.

In the case of *Benefit Association International, Inc. v. Mt. Sinai Comprehensive Cancer Center*, 816 So.2d 164, 169 (Fla.App. 3 Dist., 2002) an insured assigned his benefits under a policy to a hospital and the hospital filed suit against the insurer in Florida seeking payment for the

insured's medical expenses.  The insurance policy contained a provision requiring that any disputes be resolved by arbitration in Mississippi.  The Court held that both the policy holder and the hospital were bound by the arbitration and forum selection clauses:

> However, the record indicates he accepted the policy without objecting to any of its provisions.  In doing so, Setton agreed to the terms of the policy, including the arbitration clause and forum selection clause.  As Setton's assignee, Mt. Sinai is bound by the terms and conditions to which Setton agreed. [cite omitted]

See, *Graham Technology Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F.Supp. 1427 (N.D.Cal., 1997) (Assignee of the copyrights for a computer program subject to a forum selection clause); *Spier v. Erber*, 759 F.Supp. 1024 (S.D.N.Y.,1991) (Subrogee, who discharged borrower's obligation, entitled to enforce forum selection clause against guarantor of loan); *See also*, 77 Am. Jur.2d Venue § 8:

> Where parties to pending actions are statutorily permitted by stipulation in writing to agree to a change of the place of trial to another county, it is generally conceded that parties to a contract may stipulate therein for the bringing of suit on the contract in any county in the state, and that the county selected pursuant to such a stipulation is binding upon an assignee of the contract, at least where the assignor is bound.

*See further*, 31 A.L.R. 4th 404 "Validity Of Contractual Provision Limiting Place Or Court In Which Action May Be Brought".

RPC is bound by the terms of the contract and this case should either be  dismissed or transferred to the U.S. District Court for New Jersey.

## V.  ALLEGATIONS OF FRAUD

F.R.C.P. Rule 9 requires that a party plead fraud "with particularity".   In the instant Complaint, RPC has alleged that RPC contacted EPS to determine the accuracy and validity of the

accounts receivable of RJS; that RPC notified EPS of the assignment; and that EPS either failed to pay the accounts receivable or wrongfully paid some of the accounts to RJS, or both.  The Complaint does not provide particular information regarding the alleged contacts with EPS, the name of the employee or agent of the defendant who was contacted,  the accounts that were wrongfully paid, or any other specific facts regarding the alleged fraudulent conduct on the part of EPS.  More importantly, there is no allegation as to what specific information was allegedly misrepresented by EPS's employee or agent.

In the case of *Parnes v. Gateway 2000*, 122 F.3d 539 (C.A. 8, 1997), the Eighth Circuit Court of Appeals upheld the District Court's dismissal of certain securities fraud claims, stating that:

> This Court has explained that, for Rule 9(b), "circumstances" include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby...[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule. [quotations and citations omitted]

*See*, *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467 (C.A. 7, 1999) ("By requiring the plaintiff to allege the who, what, where and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate"); *R2 Investments LDC v. Phillips*, 401 F.3d 638 (C.A. 5, 2005) ("To satisfy Rule 9(b)'s pleading requirements, the plaintiffs must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'[cites omitted]"; *Big Rock, Inc. v. Missouri Pacific R. Co.*, 295 Ark. 495, 749 S.W.2d 675 (1988) ("In its motion to modify, Big Rock never alleged that the Commissioner committed constructive fraud, nor did it specifically aver that the Commissioner made a misrepresentation upon which Big Rock reasonably

10

relied and was misled. [cites omitted]")

RPC's allegations of fraud fail to satisfy the requirements of F.R.C.P. Rule 9(b), and should be dismissed pursuant to F.R.C.P. Rule 12(b)(6).

Respectfully submitted,

ENGINEERING AND PROFESSIONAL
SERVICES, INC.,
Defendant

PRYOR, ROBERTSON, BEASLEY
   & SMITH, PLLC
315 North 7th Street
P.O. Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813 (telephone)
(479) 785-0254 (facsimile)
Attorneys for Defendant

By:   /s/ Gregory G. Smith
       Gregory G. Smith
       Arkansas Bar No. 78143

## <u>CERTIFICATE OF SERVICE</u>

I, Gregory G. Smith, hereby certify that I have this 29th day of December, 2008, electronically filed the foregoing Brief in Support of Motion to Strike, or in the Alternative, Motion to Dismiss, or in the Alternative, Motion to Transfer with the Clerk of this Court, using the CM/ECF System, which will send electronic notification thereof to the attorney for the Plaintiff, as follows:

Mr. Bill Walters
WALTERS LAW FIRM, P.A.
1405 W. Center Street, 3rd Floor
Greenwood, AR 72936
<u>waltlaw@waltlaw.net</u>

    /s/ Gregory G. Smith
Gregory G. Smith