NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
RECEIVABLES PURCHASING              :
COMPANY, INC.,                      :
                                    :
               Plaintiff,           :
                                    :   Civ. No. 09-1339 (GEB)
      v.                            :
                                    :   **MEMORANDUM OPINION**
ENGINEERING AND                     :
PROFESSIONAL SERVICES, INC.,        :
                                    :
               Defendant.           :
_____:

**BROWN, Chief Judge**

      This matter comes before the Court upon the motion of Defendant Engineering and Professional Services, Inc. ("EPS") to dismiss the complaint filed by Plaintiff Receivables Purchasing Company, Inc. ("RPC"). (Doc. No. 19.) RPC opposes EPS's present motion. (Doc. No. 27.) The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, EPS's motion will be granted and RPC's complaint will be dismissed.

**I.    BACKGROUND**

      On December 5, 2008, RPC filed its complaint against EPS in the United States District Court for the Western District of Arkansas, Fort Smith Division (the "W.D. Ark."), and the case was assigned to United States District Judge Robert T. Dawson.[1] (Compl; Doc. No. 1.) The

---

[1] The case was filed in the W.D. Ark. and assigned to Judge Dawson pursuant to the terms of an order previously issued by Judge Dawson that dismissed *Receivables Purchasing Co., Inc. v. Engineering and Professional Services, Inc.*, (W.D. Ark. Case No. 05-2083 (RTD))

pertinent factual allegations in RPC's complaint follow.  On two separate dates – November 13, 2002, and July 13, 2003 – RJS Utility Construction, Inc. ("RJS"), an entity not party to this litigation, sold and assigned to RPC all rights, title, and interest to various invoices and accounts receivable owed to RJS by EPS.  (*Id.* at ¶¶ 4, 5.)  Prior to consummating each sale and assignment with RJS, RPC "directly contacted [EPS] to request verification of the accuracy, validity, and true amount owed by [EPS] to RJS, on each invoice."  (*Id.* at ¶ 6.)  Every time, "EPS verified that each invoice from RJS, was accurate, valid, and those amounts were actually owed by [EPS] to RJS."  (*Id.*)  After purchasing the invoices and accounts receivable for RJS, RCP demanded payment in full from EPS.  (*Id.* at ¶ 7.)  EPS, however, has failed and refused to pay RCP invoices and accounts receivable that total $300,859.50 in principal.  (*Id.* at ¶ 10.)

Based upon the foregoing factual allegations, RPC's complaint lodges the following three causes of action against EPS: (1) breach of contract & promissory estoppel (RPC specifically cites Ark. Stat. Ann. § 4-9-406, an aspect of Arkansas' enactment of the Uniform Commercial Code); (2) common law fraud; and (3) violation of the Arkansas Deceptive Trade Practices Act, Ark. Stat. Ann. § 4-88-10 (the "ADTPA").  (*Id.* at ¶¶ 8-30.)  RPC demands a trial by jury.  (*Id.* at p. 7.)

On December 29, 2008, EPS filed a motion in the W.D. Ark. to strike, dismiss, or transfer this case.  (Doc. No. 2.)  On February 19, 2009, Judge Dawson granted only EPS's motion to transfer this case to the District of New Jersey.  (RTD 2/19/09 Mem. Op.; Doc. No. 8.)  In his

---

(hereinafter "*Receivables I*").  *Receivables I* was litigated for more than three years and involved the same parties and arose from virtually identical factual allegations as the present case.  For the sake of economy, the Court will discuss only relevant aspects of the *Receivables I* procedural history when appropriate within the body of this memorandum opinion.

February 19, 2009 memorandum opinion and order, Judge Dawson noted that the contract between RJS and EPS that was assigned to RPC contains a Choice of Law and Forum clause that designates New Jersey as the forum for any litigation arising out of that contract. (*Id.* at p. 5.) Judge Dawson concluded that the breach of contract claim levied by RPC against EPS in the complaint is "directly related to the underlying contract between RJS and [EPS]." (*Id.*) As such, Judge Dawson decided the Choice of Law and Forum clause in the underlying contract is binding on RPC and mandated the transfer of this case to the District of New Jersey. (*Id.* at pp. 6-7.) In light of that decision, Judge Dawson denied EPS's motion to dismiss the complaint for improper venue and denied EPS's motion to strike the complaint as moot. (*Id.* at p. 7.)

Pursuant to Judge Dawson's February 19, 2009 order, this case was transferred to this Court on March 25, 2009. (Doc. No. 9.) Subsequently, on July 27, 2009, EPS filed its present motion to dismiss RPC's complaint. In its moving brief, EPS argues that RPC's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 9 and 12, as well as the law of the case doctrine and the doctrine of judicial estoppel. (Def.'s Mot. Br.; Doc. No. 14.) RPC opposes EPS's present motion and asserts that all of EPS's arguments are without merit. For the reasons discussed below, the Court agrees with EPS and will dismiss RPC's complaint.

## II.  DISCUSSION

### A. RPC's First and Third Causes of Action are Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(6)

#### 1. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light

3

most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

    **2.**  **Application**

  RPC's first cause of action against EPS is for breach of contract & promissory estoppel. (Compl. at ¶¶ 8-16; Doc. No. 1.) RPC cites Ark. Stat. Ann. § 4-9-406, an aspect of Arkansas' enactment of the Uniform Commercial Code, in its breach of contract and promissory estoppel allegation. RPC's third cause of action against EPS is a violation of the ADTPA. (*Id.* at ¶¶ 25-30.) In its moving brief, EPS argues that the ADTPA claim should be dismissed because the

Choice of Law and Forum clause in the underlying contract mandates that only New Jersey law can be applied in this case. (Def.'s Mot. Br. at p. 25; Doc. No. 14.) The Court agrees with EPS's foregoing argument and also concludes that RPC's first cause of action for breach of contract must be dismissed for the same reason.

In his February 19, 2009 memorandum opinion and order, Judge Dawson decided the Choice of Law and Forum clause in the contract between RJS and EPS controls RPC's present breach of contract claim against EPS. (RTD 2/19/09 Mem. Op. at pp. 5-7; Doc. No. 8.) In pertinent part, the contract clause at issue states:

> 9.8 Choice of Law and Forum; Attorney's fees; This Agreement shall be governed by the laws of the State of New Jersey, without regard to its conflict of laws rules. Any litigation arising out of or relating to this Agreement shall, unless otherwise agreed to in writing by the parties, be brought in a court of competent jurisdiction only in New Jersey.

(Gagliano Cert. Ex. A at p. 14; Doc. No. 17.) Judge Dawson ruled that, "[RPC's] claim of breach of contract is directly related to the underlying contract between RJS and Defendant." (RTD 2/19/09 Mem. Op. at p. 5; Doc. No. 8.) As a result, the Choice of Law and Forum clause was applicable to RPC's breach of contract claim. (*Id.* at pp. 5-8.) Following Judge Dawson's reasoning, this Court concludes that under the plain language of the Choice of Law and Forum clause, RPC must plead any breach of contract claim under New Jersey law. In the complaint, however, RPC appears to plead its first cause of action for breach of contract under Ark. Stat. Ann. § 4-9-406, an aspect of Arkansas' enactment of the Uniform Commercial Code. (Compl. at ¶¶ 8-16; Doc. No. 1.) As a result, because RPC improperly pleads its breach of contract claim under Arkansas law, RPC's first cause of action must be dismissed.

5

RPC's third cause of action – that EPS violated the ADTPA – fails for the same reason. Though Judge Dawson did not decide whether RPC's ADTPA claim "arises out of or relat[es] to" the underlying contract in his February 19, 2009 memorandum opinion and order, this Court concludes that it undoubtedly does. Indeed, any reasonable reading of RPC's complaint in its totality yields the conclusion that the underlying contract between RJS and EPS is the very cornerstone of this litigation. As such, RPC's third cause of action, which is entirely based on Arkansas statutory law, must also be dismissed as it runs afoul of the Choice of Law and Forum clause. (*Id.* at ¶¶ 25-30.)

### B. RPC's Second Cause of Action is Dismissed Pursuant to Federal Rule of Civil Procedure 9(b)

#### 1. Standard of Review

Federal Rule of Civil Procedure 9(b) requires a plaintiff to plead fraud with particularity sufficient to place the defendant on notice of the precise misconduct with which they are charged, and to protect defendants from spurious charges of fraudulent behavior. *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), cert. denied, 469 U.S. 1211, 105 S. Ct. 1179, 84 L. Ed. 2d 327 (1985); see also Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). Therefore, pleading the fraud element, a plaintiff must specify "'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). The Court of Appeals for the Third Circuit clarified that,

> [a]lthough Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."

*In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002); *see also Lum v. Bank of Am.*, 361 F.3d 217, 225 (3d Cir.) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir. 1998)), cert. denied, 543 U.S. 918 (2004).

### 2. Application

RPC's second cause of action alleges that EPS committed fraud when, "by and through its officers, agents, and employees, [EPS] represented to [RPC] that the invoices from RJS were accurate, valid, and would actually be paid in a timely manner by [EPS] to [RPC] in Fort Smith, Arkansas." (Compl. at ¶ 19; Doc. No. 1.) In its moving brief, EPS argues that RPC's fraud claim must be dismissed as RPC has failed to plead fraud with requisite particularity pursuant to Federal Rule of Civil Procedure 9(b). (Def.'s Mot. Br. at pp. 15-18; Doc. No. 14.) Conversely, RPC argues that its fraud claim is sufficiently plead. RPC also argues that a prior decision of the United States Court of Appeals for the Eight Circuit in *Receivables I* galvanizes RPC's fraud claim from dismissal at this stage of litigation. (Pl.'s Opp'n Br.; Doc. No. 29.) The Court agrees with EPS's foregoing argument and concludes that RPC's fraud claim must be dismissed pursuant to Federal Rule of Civl Procedure 9(b).

An application of the legal standard noted above to the allegations made by RPC in the complaint compels the dismissal of RPC's fraud claim. In the complaint, RPC generally alleges that at various unspecified points, unnamed personnel at EPS represented to unnamed personnel at RPC that the RJS invoices were valid, accurate, actually owed to RJS, and would be timely

paid. (Compl. at ¶¶ 4-7, 17-24; Doc. No. 1.) The foregoing sentence accurately reflects the sum total of the factual allegations upon which RPC bases its fraud claim. (*Id.*) In the complaint, RPC fails to provide any detailed context for these threadbare allegations – for example, the EPS/RPC personnel at issue, the time the communications were made, the number of communications, the invoices actually discussed and in what level of detail, etc. Instead, RPC's fraud pleading appears to merely recite the elements of a *prima facie* fraud claim and baldly allege that EPS's actions constitute fraud. That tactic plainly fails to satisfy the heightened pleading requirements established by Rule 9(b).[2] As a result, RPC's fraud claim must be dismissed.

### C. RPC May File an Amended Complaint

The Court will dismiss each of RPC's causes of action without prejudice. Based upon the Court's foregoing reasoning, it does not appear that amendment of the complaint would be frivolous *per se*. As such, RPC may file an amended complaint not inconsistent with this decision within twenty (20) days.

### III. CONCLUSION

For the foregoing reasons, the Court will GRANT EPS's present motion and DISMISS RPC's complaint. In light of the Court's decision, EPS's alternate arguments for relief need not be addressed at this time. RPC may file an amended complaint not inconsistent with this decision within twenty (20) days.

---

[2] The Court notes that RPC's argument that the Eighth Circuit's decision in *Receivables I* forecloses dismissal of RPC's present fraud claim is without merit. *Receivables I* was a separate case with an entirely different operative pleading. (W.D. Ark. Case No. 05-2083 (RTD)); Doc. No. 44.) Simply put, RPC's attempted reliance on prior decisions in a different case based upon a different complaint is misguided.

Dated: January 4, 2010

>            /s/ Garrett E. Brown, Jr.
> GARRETT E. BROWN, JR., U.S.D.J.