<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RECEIVABLES PURCHASING COMPANY, INC., | ) ) ) ) |
| Plaintiff, | ) ) ) Civ. No. 09-1339 (GEB) |
| v. | ) ) **MEMORANDUM OPINION** |
| ENGINEERING AND PROFESSIONAL SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

<u>**BROWN, Chief Judge**</u>

      This matter comes before the Court upon the motion of Defendant Engineering and Professional Services, Inc. ("Defendant") to dismiss the complaint filed by Plaintiff Receivables Purchasing Company, Inc. ("Plaintiff"). (Doc. No. 43.) RPC opposes EPS's present motion. (Doc. No. 47.) The Court has considered the parties' submissions and decided this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, Defendant's motion will be denied.

**I.**    **BACKGROUND**

      On January 4, 2010, the Court dismissed Plaintiff's complaint with leave to re-file pursuant to Federal Rules of Civil Procedure 9 and 12. (Doc. Nos. 38, 39.) The Court's January 4, 2010 memorandum opinion details the factual background and procedural history of this case, and for the sake of brevity, only that information relevant to the resolution of Defendant's present

motion will be noted, as follows.

On January 21, 2010, Plaintiff filed an amended complaint based upon the same factual allegations contained in the initial complaint. (Doc. No. 40.) The amended complaint does not contain discreet "counts", but rather contains two bold-faced lines after Plaintiff's factual allegations that are respectively entitled, "Breach of Contract & Promissory Estoppel" and "Uniform Commercial Code". (Am. Compl. at 7-8; Doc. No. 40.)

On February 22, 2009, Defendant filed the present motion to dismiss. (Doc. No. 43.) In that motion, Defendant argues the amended complaint should be dismissed pursuant to Local Rules of Civil Procedure 11 and 101.1, Federal Rules of Civil Procedure 12(f), 12(b)(6), and 38, the law of the case doctrine, the doctrine of judicial estoppel, and the statute of limitations governing claims under the Uniform Commercial Code ("UCC"). (Def.'s Mot. Br.; Doc. No. 43-1.) With regard to Defendant's argument under the Local Civil Rules, Defendant points out that the amended complaint was improperly signed by Plaintiff's counsel who is not admitted to practice in the District of New Jersey. Apparently in response to that procedural fault, Plaintiff's counsel filed a motion for admission pro hac vice on February 23, 2010, the day after Defendant filed the present motion. (Doc. No. 44.) The Hon. Lois H. Goodman, U.S.M.J., promptly granted Plaintiff's counsel's motion for admittance on March 1, 2010, and Plaintiff re-filed the amended complaint in accord with the Local Civil Rules on March 22, 2010. (Doc. No. 46.) Plaintiff filed opposition to the present motion on the same date, and Defendant's reply followed on March 29, 2010. (Doc. Nos. 47, 48.)

II.   DISCUSSION

    A.   **The Local Civil Rules**

Defendant argues that the amended complaint should be dismissed because Plaintiff's counsel violated the Local Civil Rules when filing the initial amended complaint. The Local Civil Rules govern counsel's appearance <u>pro hac vice</u>. Rule 101.1 states, in pertinent part:

> Any member in good standing of the bar of any court of the United States or of the highest court of any state . . . may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case . . . .
> . . . .
> . . . [A]n appearance as counsel of record shall be filed promptly by a member of the bar of this Court upon whom all notices, orders and pleadings may be served, and who shall promptly notify his or her specially admitted associate of their receipt. <u>Only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders.</u>

Loc. Civ. R. 101.1(c) (emphasis supplied). Under Rule 11, "the attorney of record who is a member of the bar of this Court shall personally sign all papers submitted to the Court or filed with the Clerk." Loc. Civ. R. 11.1.

In its motion brief, Defendant correctly notes that Plaintiff's amended complaint was filed improperly. On that basis, Defendant claims that "[s]ince the New Jersey District Court requires local counsel at all times, and [Plaintiff's] 2010 Complaint is signed and submitted only by [Plaintiff's] Arkansas counsel, the 2010 Complaint should be dismissed." (Def.'s Mot. Br. 10; Doc. No. 43-1.) Defendant's argument is unavailing when viewed in light of this case's recent procedural history. While the amended complaint was filed improperly, Plaintiff moved for <u>pro hac vice</u> admission the day after Defendant raised the issue in its moving brief. Shortly after Judge Goodman granted Plaintiff's counsel's motion for admission, Plaintiff re-filed the amended complaint in accord with the Local Rules. In light of these facts, the Court concludes that dismissal of the amended complaint based upon Plaintiff's counsel's non-prejudicial

procedural mistake is not appropriate.

      B.      Federal Rule of Civil Procedure 12(f)

Defendant asserts that the Court should dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "The purpose of a motion to strike is to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." Garlanger v. Verbeke, 223 F. Supp. 2d 596, 609 (D.N.J. 2002). "[M]otions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" Garlanger, 223 F. Supp. 2d at 609 (citing Tonka Corp. v. Rose Art Indus., Inc., 836 F.Supp. 200, 217 (D.N.J.1993)). Further, "Rule 12(f) should be construed strictly against striking portions of the pleading on grounds of immateriality and . . . the complaint should be pruned with care." Morgan Home Fashions, Inc. v. UTI, United States, Inc., 03-772, 2004 WL 1950370, at *8 (D.N.J. Feb. 9, 2004) (Linares, J.).

Defendant's primary argument is that "[s]ince the September Order was clearly intended to streamline the litigation and to preserve [Plaintiff's] claim solely to the extent it existed at the time of the Order . . . the claims now alleged in the 2010 Complaint . . . are redundant, immaterial and impertinent under Rule 12(f) and should be stricken with prejudice." (Def.'s Mot. Br. 14; Doc. No. 43-1.) The Court disagrees.

The "September Order" referred to by Defendant was issued on September 4, 2008, by

then-presiding United States District Judge Robert T. Dawson when this case was pending in the Western District of Arkansas. The terms of the September Order dismissed Plaintiff's then-single count complaint for fraud without prejudice. (September Order, attached to Smith Cert., ex. C; Doc. No. 43-2.) Subsequently, Judge Dawson issued an order that clarified the September Order (the "Clarifying Order"), and established that "if the Plaintiff wishes adjudication of the dispute framed by the pleadings in this case, it must re-file in the Western District of Arkansas and the case assigned to Judge Robert T. Dawson." (Id. at ex. D.) In support of their present argument, Defendant repeatedly points to the phrase "framed by the pleadings" in the Claryfying Order, and asserts that this language only allowed Plaintiff to re-file the fraud claim contained in the complaint dismissed by the September Order. (Def.'s Mot. Br. passim; Doc. No. 43-1.) Essentially, Defendant's argument is that the additional claims in the amended complaint include "new and additional claims against [Defendant] which went far beyond the parameters of the status quo 'framed by the pleadings' of the Arkansas Lawsuit . . . ." (Id. at 4.)

     This argument, however, requires the Court to read restraints into the September Order that reach beyond the plain language of that order. This Court will not do so, as the terms of Judge Dawson's orders control. The September Order dismissed Plaintiff's complaint, without prejudice, pursuant to Federal Rule of Procedure 41(a)(2). (September Order, attached to Smith Cert., ex. C; Doc. No. 43-2.) Plaintiff was granted leave to re-file, and subsequently Plaintiff did file an amended complaint with this Court. That amended complaint contained additional counts that arise out of the same facts or circumstances as the original fraud count. As such, the amended complaint does not contain "any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation." Garlanger,

223 F. Supp. 2d 609. Defendant's motion to dismiss Plaintiff's complaint pursuant to a Rule 12(f) will therefore be denied.

### C. The Law of the Case Doctrine and Judicial Estoppel

Defendant also argues that the law of the case doctrine directs this Court to dismiss Plaintiff's complaint. (Def.'s Mot. Br. 18; Doc. No. 43-1.) "The law of the case doctrine precludes courts from deciding issues that were resolved earlier in the litigation." Nafar v. Hollywood Tanning Sys., 2010 U.S. Dist. LEXIS 65183 at *10-11 (D.N.J. June 30, 2010) (Cavanaugh, J.) The purpose of the doctrine is "to promote finality and judicial economy." Id. at *11. Nonetheless, "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances." Id. (citing Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817 (1988).

Defendant asks the Court to invoke the law of the case doctrine so as "to prevent [Plaintiff] from its efforts to improperly circumvent the parameters of the September Order and its efforts to manipulate our judicial system." (Def.'s Mot. Br. 19; Doc. No. 43-1.) Defendant's argument again relies on the September Order, as it asserts that order prevents Plaintiff from filing any amended complaint that does not conform to the "status quo" of the claims at the time of the September Order. (Id. at 20.) As with Defendant's prior argument, this relies on language that simply is not in the September Order. Defendant's motion to dismiss Plaintiff's amended complaint pursuant to the law of the case doctrine will therefore be denied.

Defendant also argues for dismissal of Plaintiff's complaint pursuant to the doctrine of judicial estoppel. (Def.'s Mot. Br. 22; Doc. No. 43-1.) This doctrine provides that "[w]here a

6

party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citing Davis v. Wakelee, 156 U.S. 680, 689 (1895)). This rule "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Id. (citing Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000)); In re Chambers Development Co., Inc., 148 F.3d 214, 229 (3rd Cir. 1998). Judicial estoppel is "not intended to eliminate all inconsistencies, however slight or inadvertent; rather, it is designed to prevent litigants from playing fast and loose with the courts." Chambers, 148 F.3d at 229 (citation omitted). Moreover, invocation of the doctrine is within a court's discretion. New Hampshire, 532 U.S. at 750. Judicial estoppel has three elements: "(1) the party to be estopped is asserting a position that is irreconcilably inconsistent with one he or she asserted in a prior proceeding; (2) the party changed his or her position in bad faith, i.e., in a culpable manner threatening to the court's authority or integrity; and (3) the use of judicial estoppel is tailored to address the affront to the court's authority or integrity." Knoepfler v. Guardian Life Ins. Co. of Am., 2009 U.S. Dist. LEXIS 54710 at *23 (D.N.J. June 26, 2009) (Walls, J.). Finally, "equity requires that the court give the party to be estopped a meaningful opportunity to provide an explanation for its changed position." Id.

     Defendant's argument is that the doctrine of judicial estoppel should be applied because Plaintiff "had asserted a prior position that it was limiting its case against [Defendant] to (1) count for common law fraud, and based on that position the Arkansas Court made a judicial

determination . . . that any refiling of the action would be limited to a pleading for (1) count for fraud." (Def.'s Mot. Br. 24; Doc. No. 43-1.) Once again, Defendant relies on an unsupportable interpretation of the September Order. Nothing in that Order represents the type of judicial determination that could establish a legal position for Plaintiff. Nor does the history of this case clearly indicate that Plaintiff has engaged in misleading tactics. Simply put, this case does not implicate judicial integrity at this point. See New Hampshire, 532 U.S. at 750-51 (considering use of judicial estoppel to protect "judicial integrity."). Defendant's motion to dismiss Plaintiff's amended complaint pursuant to the doctrine of judicial estoppel will be denied.

### D. Plaintiff's Jury Demand and Claims Under the UCC

Finally, the Court addresses Defendant's arguments that: (1) Plaintiff's jury demand should be stricken; and (2) Plaintiff's claims under the UCC should be dismissed. First, Defendant argues that Plaintiff's jury demand is improper and should be dismissed pursuant to Federal Rules of Civil Procedure 12(b), 12(f), and 38. Throughout its submissions, Defendant attempts to support this argument with varied and sometimes confusing references to this case's complex procedural history in two different judicial districts. Defendant appears to argue, alternately, that Plaintiff's jury demand was either improperly noticed, or waived, or both. (Def.'s Mot. Br.; Doc. No. 43-1.) Plaintiff opposes Defendant's arguments by simply noting that, "[Plaintiff's] request for jury trial was included in its Amended Complaint filed in June, 2005, so [Defendant] had ample time to prepare for a jury trial . . . ." (Pl.'s Opp'n Br. 12; Doc. No. 47.) In sum, the Court concludes that Defendant has failed to show that Plaintiff's demand for a jury trial in its current operative pleading is either procedurally improper, or prejudicial in any way. As such, Defendant's request that the Court strike Plaintiff's jury demand will be

denied.

Second, Defendant argues that Plaintiff's claims under the UCC in the amended complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  In its opposition brief, Plaintiff clarifies that:

> RPC's recitation of N.J.S.A. 12A:9-406 or any other analogous UCC provisions are relied upon not to present a new cause of action, but rather to focus the Court's – and EPS's – attention on the relevant sections of governing law.  Therefore, there is no new UCC-based cause of action for any statute of limitations to apply.

(Pl.'s Opp'n 19; Doc. No. 47.)   In light of the foregoing, the Court concludes that Plaintiff either acknowledges that it states no claim under the UCC, or alternately, withdraws any claim under the UCC that may have been contained in paragraphs 20-23 of the amended complaint.  As such, Defendant's motion to dismiss any such claim is moot.

### III.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be DENIED.  (Doc. No. 43.)  An appropriate form of order accompanies this memorandum opinion.

Dated: August 30, 2010

                                                  /s/ Garrett E. Brown, Jr.
                                               GARRETT E. BROWN, JR., U.S.D.J.